IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rodney Campbell, | Civil Action No. 6:17-cv-1226-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Fluor Federal Global Projects, Inc., | |
| Defendant. | |

This action arises out of Plaintiff Rodney Campbell's ("Plaintiff" or "Campbell") allegations that he was subject to race discrimination by his former employer, Fluor Federal Global Projects, Inc. ("Defendant" or "Fluor"). The action was removed by Defendant on May 11, 2017, based upon federal question jurisdiction, under Title VII of the Civil Rights Act of 1964, as amended, and Title 42, United States Code, Section 1981. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for consideration. On July 27, 2018, Defendant filed a motion for summary judgment. (ECF No. 34.) Plaintiff responded on August 27, 2018 (ECF No. 37), and Defendant filed a reply on September 4, 2018 (ECF No. 40). The Defendant also filed a motion to strike affidavit on September 4. (ECF No. 39.) Plaintiff filed a response in opposition on September 18, 2018 (ECF No. 43), and Defendant filed a reply in support of the motion to strike on September 24, 2018 (ECF No. 45). Plaintiff filed a sur-reply on September 25, 2018. (ECF No. 46.) The Magistrate Judge prepared a thorough Report and Recommendation

1

("Report"), which recommends that Defendant's motion to strike affidavit be granted and motion for summary judgment be granted. (ECF No. 50.) Plaintiff filed timely objections (ECF No. 51), to which Defendant replied (ECF No. 52). After careful consideration of the relevant materials and law, and for the reasons set forth herein, the Court adopts the Report, grants the motion to strike affidavit, and grants summary judgment.

## **BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law (*see* ECF No. 50 at 2–13) and the Court incorporates them herein without recitation.[1] In his amended complaint, Plaintiff alleges a single causes of action for race discrimination—which appears to incorporate three theories of liability: (1) demotion/replacement; (2) failure to promote; and (3) hostile work environment—in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title 42, United States Code, Section 1981. (ECF Nos. 15 at 3–4; 37 at 1.) Plaintiff, an African-American government contractor who was employed by Fluor as an Air Operations Specialist at Bagram Airfield, Afghanistan, essentially avers that he was replaced in his position by a white male who was paid a higher salary even though he had less experience, and that Plaintiff was treated in a hostile fashion during Defendant's investigation of Plaintiff's coworker and by way of a comment from another coworker that Plaintiff looked like a member of the Taliban. (*See* ECF Nos. 15 & 37.)

The Court has thoroughly reviewed the objections to the Report and the relevant case law. After due consideration, the Court finds that the law and the facts entirely support

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

2

the Magistrate Judge's conclusions and recommendations; thus, the Court overrules Plaintiff's objections and will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

### A. Motion to Strike Affidavit

The Magistrate Judge first concluded that the motion to strike the "affidavit" of Damita Palmer should be granted because, "The statement at issue 'was neither sworn under oath nor made under the penalty of perjury. As a result, the statement fails to meet the most basic requirement of form required by [Federal Rule of Civil Procedure] 56 . . . ."

3

(ECF No. 50 at 8–9 (quoting *In re French*, 499 F.3d 345, 358 (4th Cir. 2007) (Whitney, D.J. concurring in part) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970) (noting that unsworn statement in support of motion for summary judgment did not meet the requirements of Rule 56)).) In the alternative, the Magistrate Judge found that even if the Court were to treat Ms. Palmer's unsworn statement as an affidavit, summary judgment would still be appropriate, and the motion to strike should be denied as moot. (ECF No. 50 at 10.) Plaintiff made no objection to these conclusions. (*See* ECF No. 51.) Finding no error in the Magistrate Judge's sound reasoning and conclusions, the Court adopts the Report with respect to the motion to strike affidavit and hereby grants the motion.

**B. Adverse Employment Action**

The Magistrate Judge next concluded that Plaintiff's reassignment or transfer to another position did not constitute an adverse employment action because it resulted in no change to his title, work schedule, pay, grade level, or benefits. (ECF No. 50 at 13–14.) Plaintiff objects to this conclusion, arguing, "[T]his holding misses the point illustrated in Plaintiff's Memo, which is that it is undisputed that the new position at issue would have been a promotion for Plaintiff. Thus, not receiving a higher paying job is certainly an adverse employment action." (ECF No. 51 at 1–2.)

The objection is conclusory, fails to point to any actual error in the Magistrate Judge's reasoning, and is overruled. The Magistrate Judge was correct to conclude that there was no adverse employment action in this case. *See, e.g.*, *McMillan v. S.C. Dep't of Corr.*, 16 F. Supp. 2d 635, 645 (D.S.C. 1997), *aff'd*, 153 F.3d 721 (4th Cir. 1998) ("A transfer accompanied by a material adverse change is actionable. . . . However, a transfer

4

absent a reduction of salary, benefits, and title is not considered actionable because there is no adverse employment action." (citations omitted)). Accordingly, the Court grants summary judgment on the adverse employment action issue.

**C. Inference of Discrimination**

The Magistrate Judge also found that Plaintiff failed to show evidence giving rise to an inference of discrimination in Defendant's decision to transfer Plaintiff to the Rotary Wing unit and to give the Coordinator position to Billy Short ("Short"). (*Id.* at 14–15.) Plaintiff objects to this finding arguing that "the evidence of not allowing Plaintiff to apply for the new position is evidence from which a jury could draw a discriminatory inference." (ECF No. 51 at 2.)

This objection obscures the factual record and is overruled. Defendant has presented unrefuted evidence that the Coordinator position at issue was a combination of three different positions that were being consolidated in order to save costs: Air Operations Manager (pay grade level 18), Air Operations Coordinator (pay grade level 14), and Air Operations Specialist (pay grade level 7). (Batt Decl. ¶¶ 4–5, ECF No. 34-8.) The newly created position was at pay grade level 11. (*Id.*) Senior Manager of Operations, Bryan Batt ("Batt") stated, in his declaration, that he "did not consider Mr. Campbell for this position because he was not qualified for the position. It was several grade levels above where he was currently and included the direct supervision of a team of employees. Mr. Campbell had no prior supervisory experience." (*Id.* ¶ 6.) Plaintiff has not offered sufficient evidence to draw a discriminatory inference from his not being considered for a position that was well above his pay grade, and that included supervisory responsibilities with which he had

5

no experience. Accordingly, the motion for summary judgment is granted with respect to the inference of discrimination issue.

### D. Evidence of Pretext

The Magistrate Judge further concluded, "Even assuming that the plaintiff could establish a *prima facie* case of race discrimination, the defendant has met its burden of production by identifying a legitimate, nondiscriminatory reason for moving Short into the consolidated Coordinator position and transferring the plaintiff into the Rotary Wing." (ECF No. 50 at 15.) Specifically, Batt stated that he offered the consolidated position to Short because "Short worked in the Air Operations Department since August of 2011, and he had previously been working in the Coordinator position." (Batt Decl. ¶ 8, ECF No. 34-8.) Moreover, Batt indicated that "Mr. Campbell had a security clearance, and so I transferred him to the Rotary wing of the department where we needed more individuals with security clearances." (*Id.* ¶ 9.) The Magistrate Judge found that Plaintiff failed to offer evidence from which a reasonable jury could conclude that the nondiscriminatory reasons offered by Defendant were mere pretext, because the record establishes: (1) that Short was not promoted, but moved laterally from the Rotary Wing into the new consolidated position, (2) that Short was more qualified than Plaintiff for the consolidated position, and (3) that Plaintiff was not demoted when he was moved to the Rotary Wing. (*See* ECF No. 50 at 16–18.)

Plaintiff broadly objects to the conclusions that Short was more qualified than Plaintiff, and that Plaintiff lacked the qualifications and experience for the new consolidated position. (*See* ECF No. 51 at 4–5.) Plaintiff seeks to support this objection by reiterating

6

his education, accomplishments, and prior work responsibilities for Defendant, including performing some of the duties of the new position (given that one of the positions included in the consolidation was his own). (*Id.*) He argues, "Thus, the job responsibilities of the alleged new position, Plaintiff had performed for over a year (without Defendant formally promoting him or paying him in line with these responsibilities)." (*Id.* at 5.) Plaintiff concludes, "Based on these facts, a jury could reasonably conclude that Plaintiff was more qualified for the alleged new position." (*Id.*)

The objection lacks merit and is overruled. It is undisputed that the consolidated position included supervisory responsibilities and that Plaintiff had not served in a supervisory role. (*See* Campbell Dep. 174:7–9, ECF No. 34-3 (acknowledging that Plaintiff's position did not include supervisory responsibilities).) It is further undisputed that Short had more years of experience in the Air Operations Department than Plaintiff, that Short had been working as a Coordinator for years prior to being placed into the consolidated role, and that he had acquired supervisory experience that Plaintiff lacked. (*See* Campbell Dep. 84:14–85:19, ECF No. 34-3 (acknowledging that Short had longer tenure in Air Operations than Plaintiff); Short Dep. 6:9–19, 8:2–11, ECF No. 34-10 (describing previous experience in Air Operations Coordinator position, including leadership role); Batt Decl. ¶ 6, ECF No. 34-8 (stating that Plaintiff was not considered for the consolidated position because he was not qualified due to lack of supervisory experience).) Accordingly, the Court finds no error in the Magistrate Judge's analysis, and grants summary judgment with respect to the evidence of pretext issue.

7

**E. Remainder of Report**

Plaintiff offers no objection to the remainder of the Report, including the Magistrate Judge's finding that the hostile work environment claim cannot be sustained (*see* ECF No. 18–20). The Court finds no error in the Magistrate Judge's sound reasoning and conclusions, and grants summary judgment on all issues not already discussed.

## **CONCLUSION**

After careful consideration of the relevant materials and law, the Court overrules Plaintiff's objections (ECF No. 51) and adopts the Report and Recommendation (ECF No. 50). It is, therefore, ORDERED that Defendant's motion for summary judgment (ECF No. 34) is GRANTED, and motion to strike affidavit (ECF No. 39) is GRANTED. Accordingly, this action is DISMISSED with prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 22, 2019
Greenville, South Carolina